## MATTER OF KWIK

### In Visa Petition Proceedings

### A-14822095

### *Decided by Board December 3, 1968*

Since under the law of Indonesia a legal adoption of a Chinese child can be accomplished only if the adopting parent(s) appear before a notary public and execute a notarized adoption certificate, an Identification Certificate from the Mayor of Glodok, District of Djakarta, stating beneficiary was adopted when approximately 3 years of age by petitioner's parents, which Certificate, in the opinion of the U.S. Embassy at Djakarta, Indonesia, is an affidavit from a district official and does not conform with the standards set by law, does not constitute valid proof of a legal adoption in Indonesia for the purpose of conferring preference status on beneficiary.

ON BEHALF OF PETITIONER:
John J. Barry, Esquire
One Hunter Street
Long Island City, N.Y. 11101

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The case comes forward on appeal from the order of the District Director, New York District, dated May 13, 1968 denying the visa petition for the reason that the documents submitted with the visa petition indicated that there was no formal adoption as required by Indonesian law; the documents submitted also reflect that the petitioner is the uncle of the beneficiary and the immigration laws do not provide for preference to be granted to nephews.

The petitioner, a native of Indonesia, a naturalized citizen of the United States, 41 years old, male, seeks preference quota status on behalf of the beneficiary as his brother. The beneficiary is a native and citizen of Indonesia, 25 years old.

In support of the visa petition there has been submitted a deposition by Bong Jin Tjong executed March 3, 1967 at Djakarta, Indonesia, to the effect that the deponent has known the parties for 25 years; that the deponent knows the parents of the petitioner, Tan Lian Tjay, formerly known as Tan Piang Ho, and Tjoa Lay Nio; that five children were born of this marriage: three

sons and two daughters; that Tan Hian Nio, the third child had a baby out of wedlock, who is Tan Jo Han, formerly known as Kwik Jo Han, born in Djakarta, Indonesia on May 23, 1943; that the natural mother, Tan Hian Nio, died at Djakarta on May 7, 1945 and that the beneficiary was adopted and reared by his grandparents as their own child; that the natural father, Kwik Tjhing Tho, died in 1946; that from the date of the death of the child's mother to the present day, the petitioner and the beneficiary have always been regarded as brothers by virtue of the fact the the beneficiary was adopted by Tan Liang Tjay and Tjoa Lay Nio. There also has been submitted a diploma dated April 15, 1960 showing that Kwik, Jo Han, born on May 23, 1943 in Djakarta, Indonesia, is the son of Mr./Mrs. Tan Liang Tjay. There also has been submitted a birth certificate of Piang Ho, born December 11, 1926 at Djakarta, Indonesia, the son of the husband and wife: Tan, Liang Tjay and Tjoa, Lay Nio. An Identification Certificate from the Mayor of Glodok, District of Djakarta, shows Kwik Jo Han, male child of the husband and wife, Kwik Tjing Tho and Tan Hian Nio, both deceased in 1945, was adopted at the age of approximately three years by the husband and wife, Tan Liang Tjay and Tjoa Lay Nio.

The Identification Certificate was submitted to the Embassy of the United States at Djakarta, Indonesia, and on March 15 ,1968, the Embassy stated that Indonesia has separate laws applicable to its ethnic Chinese population: "Indonesian Civil and Commercial Laws for Chinese Persons." These laws are compiled in Chapter 2, pp. 169–174, of "The Wetboeken, Wetten en Verordeningen van Indonesia." Chapter 2, Article 10 provides that a legal adoption of a Chinese child can be accomplished only if the adopting parent(s) appear before a notary public and execute a notarized adoption certificate. The Embassy expressed the opinion that the document at hand is an affidavit from a district offical and does not conform with the standards set by law; the evidence is, therefore, invalid as proof of a legal (formal) Indonesian adoption.

The burden is upon the petitioner in visa petition proceedings to establish eligibility for the benefit he seeks under the immigration laws on behalf of the beneficiary. At oral argument counsel protested that the facts presented to the American Consul did not show that these were full-blooded Chinese who have dual citizenship and that the law in effect as that time was the law of Java, Netherlands East Indies. However, if counsel wishes to contradict the evidence submitted by the Service as received from the Amer-

ican Embassy, he may question the Embassy further or submit other evidence in support of the relationship. The appeal will be dismissed without prejudice to a motion to reopen, properly supported.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.